Commonwealth *v.* Bellerby, Appellant.

Submitted December 7, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Robert A. Godwin,* Assistant Public Defender, for appellant.

*Stephen B. Harris,* Assistant District Attorney, and *Ward F. Clark,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, March 23, 1971:
Judgment of sentence affirmed.

———

DISSENTING OPINION BY HOFFMAN, J.:
On December 4, 1969 appellant pled guilty to two bills of indictment charging receiving stolen goods. He was sentenced on these charges on April 17, 1970. At the sentencing hearing the judge indicated that he was aware that appellant had been arrested for burglary since the time of his guilty plea. On this issue he noted: "I must say that while you have not been convicted and maybe will never be convicted and certainly are presumed to be innocent until the Commonwealth proves your guilt to the contrary beyond a reasonable doubt, it is most difficult for me to erase from my mind the fact that during the relatively short period of time that you were out on bail after pleading guilty to this particular charge that you were arrested for a burglary of another dwelling. This does not, as I say, of itself

enter into any sentence, but, by the same token, I am human and I cannot completely erase that from my mind. But this sentence I intended to impose is a sentence that I have drafted at a time before this alleged burglary occurred, and I have not changed that sentence one way or another as a result of this purported activity.".

This case is similar in all relevant respects to *Commonwealth v. Duff*, 213 Pa. Superior Ct. 248, 247 A. 2d 480 (1968), in which I filed a dissenting opinion. Here also I believe it was clearly error for the court to give any weight to an outstanding charge. Appellant was a first offender and the subject of a presentence investigation which gave a rather favorable and hopeful prognostication of his future behavior. Nevertheless, he received a relatively severe sentence of from one to three years in the state penitentiary. There is certainly a possibility that he was prejudiced by the court's knowledge of his prior arrest.

Accordingly, I would remand this case to the court below for resentencing.